PROB 12B
(7/93)

Report Date: May 15, 2009

# United States District Court

### for the

### Eastern District of Washington

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 19 2009

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

Name of Offender: Nathan O'Neill                     Case Number: 2:02CR00309-001

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen

Date of Original Sentence: 09/03/2003                Type of Supervision:   Supervised Release

Original Offense: Armed Bank Robbery, 18 U.S.C. §    Date Supervision Commences: 06/23/2009
2113(a) and (d); Use of a Firearm During and in
Relation to a Crime of Violence, 18 U.S.C. § 924(c)

Original Sentence: Prison - 90 Months;               Date Supervision Expires: 06/22/2014
TSR - 60 Months

---

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

21      You shall reside in a residential reentry center for a period of up to 180 days. This placement may include a prerelease component, day reporting, and home confinement (with or without electronic monitoring, but not to include GPS) at the directions of the CCM and USPO. You shall abide by the rules and requirements of the facility. You shall remain at the facility until discharged by the Court.

### CAUSE

On May 12, 2009, the offender's father, Shane O'Neill confirmed that he and other family members would continue to be very supportive of the offender. However, family members of Nathan O'Neill want the offender to reside at the Residential Reentry Center (RRC), at Geiger Corrections Center in Spokane, Washington, when he is released from federal prison on June 23, 2009.

As a result, this officer contacted the offender at the Federal Correctional Institution (FCI), in Fort Worth, Texas, by telephone on May 15, 2009. The offender, in the presence of his Bureau of Prisons (BOP) case manager, Marilyn Marshall, and this officer on speaker telephone, explained to the offender in great detail what would be expected of him at the RRC. He was also provided a copy of the Probation Form 49, "Waiver of Hearing to Modify Conditions of Supervised Release," by his case manager. The offender informed this officer that he understood the modification to his conditions, that he had no further questions, and agreed to the added special condition for the RRC placement.

Prob 12B
**Re: ONeill, Nathan
May 15, 2009
Page 2**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 5-15-09

_____
U.S. Probation Officer

---

## THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

_____
Signature of Judicial Officer

May 19, 2009
Date

⋆PROB 49
(3/89)

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 19 2009

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

# United States District Court

Eastern District of Washington

## Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows:

21  You shall reside in a residential reentry center for a period of up to 180 days. This placement may include a prerelease component, day reporting, and home confinement (with or without electronic monitoring, but not to include GPS) at the directions of the CCM and USPO. You shall abide by the rules and requirements of the facility. You shall remain at the facility until discharged by the Court.

Witness: _____
Marilyn Marshall
BOP unit/case manager

Signed: _____
Nathan ONeill
Probationer or Supervised Releasee

May 15, 2009
Date